IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Newport News Division*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | No. 4:24-cr-78 |
| ) | |
| CHRISTOPHER ALEXANDER INGRAM, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNTS ONE THROUGH FOUR OF THE SUPERSEDING INDICTMENT**

The United States of America, by and through its attorneys, Jessica Aber, United States Attorney for the Eastern District of Virginia, and Peter Osyf, Assistant United States Attorney, hereby responds in opposition to Defendant's Motion to Dismiss four counts of his superseding indictment, (ECF No. 36).

The defendant, Christopher Alexander, moves the Court to dismiss four counts of his superseding indictment charging him with Transportation of Child Pornography pursuant to 18 U.S.C. § 2252A(a)(l). ECF No. 28. Because defendant's claim not only lacks merit but is in direct contravention with binding Fourth Circuit precedent, this Honorable Court must deny the motion.

## **BACKGROUND**

On November 12, 2024, a federal grand jury sitting in Newport News, Virginia returned an Indictment charging the defendant with four counts of Transportation of Child Pornography in violation of 18 U.S.C. § 2252A(a)(l). ECF No. 11. The same grand jury returned a Superseding Indictment adding a Possession of Child Pornography charge in violation of 18 U.S.C. § 2252A(a)(5)(B) on December 9, 2024. ECF No. 28.

The basis for the four Transportation of Child Pornography allegations stem from five separate CyberTip reports received by the National Center for Missing and Exploited Children (NCMEC) from Synchronoss Technologies, Inc. between December 2022 and February 2023. Contained in the five CyberTips were approximately 58 files of child sexual abuse material (CSAM) that the defendant allegedly uploaded to his Synchronoss cloud account.

Title 18, United States Codes, Section 2252A(a)(l) reads: any person who "knowingly mails, or transports or ships using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, any child pornography" shall be punished as provided in subsection (b).

## ARGUMENT

I. **Defendant's motion fails as a matter of law.**

In a published opinion, the Fourth Circuit decisively foreclosed defendant's contention:

> Fall's argument is without merit. Fall improperly conflates the offense of transportation with the offense of distribution. Transportation, which is the basis of Count 6, does not require conveyance to another person. For example, in *United States v. Ickes*, 393 F.3d 501, 504 (4th Cir. 2005), we affirmed a transportation conviction based on the transportation of child pornography by automobile from Canada to Virginia without evidence of distribution to a third party. Moreover, other circuits have held that simply uploading child pornography to a website constitutes transportation. *See United States v. Davis*, 859 F.3d 429, 432, 434 (7th Cir. 2017) (affirming that a defendant transported child pornography when he "knowingly uploaded the pornographic images to Shutterfly," an "online photo-sharing website"); *United States v. Clingman*, 521 F. App'x 386, 393, 396 (6th Cir. 2013) (affirming transportation conviction where the government established that defendant uploaded child pornography to a website). Because the government established Fall transported child pornography from his laptop's hard drive to an online file-sharing website, his transportation charge was based on sufficient evidence. This remains true even if the government presented no evidence that anyone other than Fall accessed the file-sharing account.

*United States v. Fall*, 955 F.3d 363, 374–75, 2020 WL 1647190 (4th Cir. 2020).

The defendant himself acknowledges this fatal flaw but "maintains that *Fall* was wrongly decided." ECF No. 36 at n.1. Understanding the defendant is merely "seek[ing] to preserve the issue for further review," this Court is bound by *Fall*'s holding and must deny defendant's motion. *Id*. "It is axiomatic that in our judicial hierarchy, the decisions of the circuit courts of appeals bind the district courts, just as decisions of the Supreme Court bind the circuit courts." *Doe v. Chao*, 511 F.3d 461, 465 (4th Cir. 2007); *see also* 18 James Wm. Moore et al., Moore's Fed. Practice § 134.02[2] (3d ed. 2020) ("[T]he district courts in a circuit owe obedience to a decision of the court of appeals in that circuit and ordinarily must follow it until the court of appeals overrules it.").

## II.    Defendant's claim lacks merit.

Briefly, though unnecessary to consider, defendant's motion would still fail on the merits even were this Court not bound by precedent to deny it. Defendant's argument i) defies logic and commonsense, ii) ignores principles of statutory construction and clear legislative intent, and iii) relies on non-binding, unpersuasive caselaw focused on a different topic requiring a different analysis.

First, the defendant here, as did Fall, "improperly conflates the offense of transportation with the offense of distribution." *Fall*, 955 F.3d at 374. But there is a very clear distinction, and the former need not involve anyone else. This is evident in the fact that in an analogue fact pattern – for which it seems defendant would not dispute – where a defendant is caught carrying a briefcase full of his personal collection of child pornography from North Carolina to Virginia, he would be guilty of transportation of child pornography, but not necessarily distribution. *See e.g., United States v. Ickes*, 393 F.3d 501, 2005 WL 14907 (4th Cir. 2005). It is also reasonable and logical for this offense to be more aggravating than mere possession of child pornography. Again, commonsense prevails. There is a significant difference between one exercising caution to

maintain and view contraband privately in their home (or on their own computer) verses one who is willing to risk increasing exposure by taking that contraband elsewhere (or placing it the information ether that is cloud storage). This is exponentially so in a digital context. When one uploads content to the cloud, the act's very nature increases victim exposure exponentially.

The defendant claims there is no difference in one having an image of CSAM stored on their personal hard drive and uploading it to a cloud storage server. Not so. Doing so, at minimum, recklessly exposes the content to a significantly larger audience as evident by Synchronoss flagging the uploads and disseminating to NCMEC. Moreover, it can be argued that the defendant knew or should have known that uploading to a cloud service exposes the content to others. *See* Synchronoss' "Terms of Use" available at: https://synchronoss.com/terms-of-use/ (one of several express notifications that content is not completely private: "Synchronoss reserves the right at all times and without notice to monitor, review, retain or disclose any information as necessary to satisfy any applicable law, regulation, legal process or governmental (including law enforcement) request.").

The defendant also erroneously attempts to distinguish Synchronoss from other applications and platforms like Shutterfly, Radar.net, Dropbox, where one can file-share, claiming that "[s]uch websites are readily distinguishable from an individual's personal use of a private cloud-storage account." ECF No. 36 at 5. Again, not so. Similarly to the platforms the defendant tries to distinguish, "Synchronoss Personal Cloud allows subscribers to backup, **sync, share** and restore their content simply and securely." *See* Gov. Exh. 1. (emphasis added).

This increased exposure and exponential increase in the likelihood of revictimization from these file-sharing capable platforms are markedly different from mere possession.

Secondly, Congress clearly agrees. It is precisely why possession, transportation, and distribution are expressly different crimes with different essential elements. Defendant cannot clear this hurdle of statutory construction and clear, unambiguous legislative intent. Congress *expressly* gave transportation a harsher penalty than possession and it expressly requires more of distribution, i.e., the involvement of a third party. There is no such requirement for transportation of child pornography. The defendant's superseding indictment properly tracks the statutory language. The defendant's desire to add an element to the crime does not make it so, nor does it make the Fourth Circuit "wrong" in its analysis.

Third and finally, the defendant bases the bulk of his analysis around the holding of a non-binding, unpublished, Third Circuit ruling, *United States v. Chiccini*, 3d Cir. No. 21-1036, 2022 WL 1024261, at *3 (3d Cir. Apr. 6, 2022). ECF No. 36 at 3. *Chiccini* however, has nothing at all to do with 18 U.S.C. § 2252A(a)(l). The defendant there pleaded guilty to receipt and possession of child pornography, not transportation. *See Chiccini*, 3d Cir. No. 21-1036, 2022 WL 1024261, at *1. *Chiccini* addressed a sentencing issue regarding a two-level reduction pursuant to U.S.S.G. § 2G2.2(b)(1). At best, defendant's motion prematurely argues why he *may* be eligible for a § 2G2.2(b)(1) reduction at sentencing.

## **CONCLUSION**

For the foregoing reasons, this Honorable Court must deny the Defendant's Motion to Dismiss Counts One Through Four of the Superseding Indictment, (ECF No. 36).

Respectfully submitted,

Jessica D. Aber
United States Attorney

By:        /s/
Peter Osyf
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
One City Center
11815 Fountain Way, Suite 200
Newport News, VA 23606
Phone: (757) 591-4000
Fax: (757) 591-0866
peter.oysf@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing ("NEF") to all counsel of record.

                                                    /s/
                                         Peter Osyf
                                         Assistant United States Attorney