IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Case No. 4:24cr78 |
| ) | |
| CHRISTOPHER ALEXANDER INGRAM, ) | |
| ) | |
| Defendant. ) | |

**REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS ONE THROUGH FOUR OF THE SUPERSEDING INDICTMENT**

Christopher Alexander Ingram, by and through counsel, has moved to dismiss Counts One, Two, Three, and Four of the Superseding Indictment (the transportation counts) for failure to state an offense. Mr. Ingram acknowledges this Court is bound to follow *United States v. Fall*, 955 F.3d 363 (4th Cir. 2020), which forecloses his primary argument. But *Fall* was wrongly decided, and the government's substantive arguments defending it are unpersuasive and internally inconsistent.

**I.  Each class of conduct subject to the heightened penalties of § 2252A(b)(1) requires the involvement of a third party, including transportation.**

The government asserts Mr. Ingram is conflating transportation, which it believes does not require the involvement of a third party, with distribution, which does. ECF No. 37, at 3 (quoting *Fall*, 955 F.3d at 374). This interpretation of 18 U.S.C. § 2252A requires one to ignore the statute's structure, in particular the different penalties Congress provided for different classes of conduct, as well as the reason Congress drew that line.

Section 2252A(a) prohibits various acts relating to child pornography. Section 2252A(b) sets forth different tiers of punishment for violations of the statute depending on a person's conduct—which provision in § 2252A(a) the person violated. Relevant here, subsection (b)(2) provides a maximum penalty for violations of subsection (a)(5), simple possession: no more than

1

10 years' imprisonment, with no minimum penalty.  Meanwhile, subsection (b)(1) provides for harsher penalties: a mandatory minimum of 5 years' imprisonment, and a maximum of 20 years' imprisonment.  That harsher penalty range applies to violations of §§ 2252A(a)(1), (2), (3), (4), and (6).

Reviewing the conduct proscribed by those five subsections quickly makes clear the aggravating factor that warrants increased punishment over simple possession.  Each requires the involvement of a third party.  Possession, of course, does not.  Distilled, subsection (a)(2) prohibits receipt (from someone) and distribution (to someone).  Subsection (a)(3) prohibits reproduction for distribution (to someone); advertisement, promotion, and presentment (to someone); and solicitation (from someone).  Subsection (a)(4) prohibits selling (to someone).  And subsection (a)(6) prohibits offering, sending, and providing "to a minor" for purposes of inducement to illegal activity.

In this context, it makes sense to read subsection (a)(1)—the provision Mr. Ingram is charged with violating—to prohibit transportation *to someone*.  That reading is consistent with the other types of conduct subject to the heightened penalty set forth in subsection (b)(1).  It also is consistent with Congress's "distinction between distributors and possessors," which was motivated by a finding that "the exchanging through trading images contributes to the growth of child pornography and harms increasing numbers of children." *United States v. Grober*, 624 F.3d 592, 616 (3d Cir. 2010) (Hardiman, J., dissenting) (stating further that "Congress considers the transportation of child pornography a particularly egregious crime" related to its findings that the internet has "permitted child pornographers to disseminate their product exponentially" and facilitated "a nationwide network of individuals . . . [who] distribute child pornography with the expectation of receiving other child pornography in return").  Yet the government reads subsection

2

(a)(1) to prohibit transportation *to somewhere*, whether or not a third party is involved.[1] It is impossible to square the government's reading with the statute's structure and its underlying policy rationale.

The government's attempts to do so confirm as much. In purporting to explain why transportation (to no one) logically should be subject to the harsher sanction Congress provided for conduct that involves third parties, the government asserts that uploading content to the cloud necessarily "increases victim exposure" and "exponential[ly] increase[s] the likelihood of revictimization . . . ." ECF No. 37, at 4. These arguments beg the question, exposure to whom? To a third party. The government does not defend transportation (to no one), but rather decries transportation (to someone). It assumes the involvement of a third party for purposes of justifying the harsher penalty for transportation because there is no other justification that is consistent with the structure of § 2252A and the tiers of punishment Congress created. But the government's interpretation conveniently erases from the statute any requirement that the government *prove* a third party's involvement to secure a transportation conviction. The government cannot both have its cake and eat it.

The government's passing statement that Mr. Ingram's alleged syncing of files to a personal cloud storage account "*recklessly* expose[d] the content to a significantly larger audience as evident by Synchronoss flagging the uploads and disseminating to NCMEC" gives the game away. ECF No. 37, at 4 (emphasis added). To violate § 2252A(a)(1), one must "knowingly" transport contraband. So if, as we argue, transportation requires the involvement of a third party, then Mr.

---

[1] The government highlights *United States v. Ickes*, 393 F.3d 501 (4th Cir. 2005), as an example of transportation without a third party. ECF No. 37, at 3. The Court in *Fall* relied on the same example. *See* ECF No. 36, at 4–5 (citing *Fall*, 955 F.3d at 374). But again, *Ickes* did not interpret § 2252A(a)(1) or rule that Defendant Fall's conduct was sufficient to sustain a transportation conviction. *Id.* Such a reading of the statute ignores its structure and purpose.

Ingram had to know a third party was involved. It would not be enough to sustain a conviction if he behaved recklessly. By removing the involvement of a third party as an element of the offense, the government would avoid this issue and reduce its burden. But the statute requires more.

**II.     Even assuming Synchronoss provides a cloud-storage service with sharing capabilities, it remains distinguishable from file-sharing websites, and *Chiccini* remains persuasive authority.**

Next, the government disputes that Synchronoss is distinguishable from "platforms like Shutterfly, Radar.net, [and] Dropbox" because it similarly allows subscribers to "sync" and "share" files. ECF No. 37, at 4; *see also* ECF No. 37-1.[2] But when the salient issue is the ability to share of files with third parties, there is a world of difference between a platform that provides storage services with limited sharing capabilities and platforms designed around sharing as a central function.

Each of the file-sharing platforms mentioned above was designed and constructed to facilitate file sharing. As explained in Mr. Ingram's motion, their features and functionalities make that clear. *See* ECF No. 36, at 5. The Shutterfly service at issue in *United States v. Davis*, 859 F.3d 429, 432 (7th Cir. 2017), was a "share site" that allowed users "to post image and then invite other Shutterfly users to view them, and also upload their own images." Radar.net allowed users to publish images to a user page accessible via a "join code." *United States v. Clingman*, 521 F. App'x 386, 388 (6th Cir. 2013). It sought "to combine social networking and camera phones" and generated revenue through advertising, which requires an audience. *See* Lyneka Little, *Online:Sharing – A Web Site Helps Users Share Pictures, Comments*, THE WALL STREET JOURNAL

---

[2] Beyond the descriptions provided by the government's exhibit and the online resources cited in Mr. Ingram's motion, the specific sharing capabilities of the Verizon/Synchronoss service at issue in this case are factual issues that cannot be resolved as a matter of law. Mr. Ingram maintains that the Court has enough information to analogize to *Chiccini* and distinguish Synchronoss from Dropbox, Shutterfly, and Radar.net.

(Feb. 9, 2008), https://www.wsj.com/articles/SB120251258651155077. And Dropbox is a collaboration service "where all your team's content comes together." *See* Dropbox.com, *What is Dropbox?*, https://www.dropbox.com/features. The defendant charged in *United States v. Rivenbark*, 748 F. App'x 948, 954 (11th Cir. 2018), had more than a hundred videos of child pornography saved to a shared folder accessible to others.

Contrast these platforms with Synchronoss Personal Cloud, which describes its limited sharing function as sharing "privately with friends and family." ECF No. 37-1, at 2. Even assuming Mr. Ingram's account had access to the service's sharing functionalities, those functionalities are far more akin to the ones previously offered by Adobe, the platform at issue in *United States v. Chiccini*, No. 21-1036, 2022 WL 1024261 (3d Cir. Apr. 6, 2022). *See* Adobe, *Share links to a cloud document*, https://helpx.adobe.com/creative-cloud/help/share.html ("You can create and share a link to any cloud document file, but you cannot share a link to a cloud document folder."). Synchronoss's sharing functions are, at best, tertiary to its private data storage functions.

Finally, while *Chiccini*'s holding may not be on-point, its reasoning is. The Third Circuit did not define distribution for purposes of § 2252A(a)(1), but it did define transportation with an eye towards the internet era. The court considered the specific service used by the defendant and concluded the use of a cloud-storage service did not constitute transportation because the material in question was stored "in a private, password protected account." *Chiccini*, 2022 WL 1024261, at *3. That reasoning applies equally here and is more persuasive than the abbreviated and flawed rationale provided by the Fourth Circuit in *Fall*.

**CONCLUSION**

If the Court reaches the merits, it should hold transportation under 18 U.S.C. § 2252A(a)(1) requires the involvement of a third party and dismiss Counts One, Two, Three, and Four for failure to state a claim. Alternatively, the Court might rule that the involvement of a third party is necessary but leave factual issues related to the Synchronoss platform for resolution at trial.

Respectfully submitted,

CHRISTOPHER ALEXANDER INGRAM

By:_____/s/_____
        Suzanne V. Suher Katchmar
        Virginia State Bar No. 37387
        Assistant Federal Public Defender
        Attorney for Christopher Alexander Ingram
        500 East Main Street, Suite 500
        Norfolk, Virginia 23510
        Telephone:   (757) 457-0890
        Facsimile:    (757) 457-0880
        suzanne_katchmar@fd.org

_____/s/_____
Michael L. Tagliabue
Texas State Bar No. 24138511
Attorney for Christopher Alexander Ingram
Office of the Federal Public Defender
500 East Main Street, Suite 500
Norfolk, Virginia 23510
757-457-0800 (telephone)
757-457-0880(telefax)
Michael_Tagliabue@fd.org